UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TORREY THOMAS | * | CIVIL ACTION NO. 16-14694 |
| | * | |
| | * | SECTION: "G"(1) |
| VERSUS | * | |
| | * | JUDGE |
| W & T OFFSHORE, INC. | * | NANNETTE JOLIVETTE BROWN |
| | * | |
| | * | MAGISTRATE JUDGE |
| | | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER AND REASONS

Before the Court is the Motion to Compel Independent Medical Examination filed by defendant W&T Offshore, Inc. ("W&T"). (Rec. Doc. 29). For the following reasons, the Motion is GRANTED. Oral argument scheduled for January 24, 2018, is hereby cancelled.

Background

Plaintiff Torrey Thomas alleges that on or about August, 3, 2016, he suffered personal injuries to his left knee and lumbar spine as a result of an accident while he was employed as a galley hand on the MATTERHORN SEASTAR. He says that he tripped and fell when his boot became caught in a drainage hole because its cap was improperly secured. He alleges the accident was caused by the negligence of W&T, who was the owner and operator of the MATTERHORN SEASTAR. Thomas filed this lawsuit on September 14, 2016.

Discovery Issue

W&T now seeks an order compelling Thomas to appear for an independent medical examination ("IME") with orthopedist Dr. Christopher Cenac, on February 6, 2018 at 8:00 a.m. at 210 New Orleans Blvd., Houma, LA 70364. Thomas does not dispute that W&T is entitled to an IME. However, Thomas insists W&T has not shown good cause for an order compelling him to

1

travel 85 miles to Houma from his home in Lacombe, rather than attend an IME at a more convenient location. He notes that his own treating physician is only seven miles from his home and says that he does not have a vehicle to take him to the appointment. He adds that he is dealing with a back injury, although he presents no evidence to indicate the 85 miles of travel would aggravate the injury. W&T, for its part, has offered to pay for or provide transportation to Thomas. In reply, W&T presents records from Dr. Dietze, who appears to be Thomas's treating physician, indicating that Thomas was out of town on April 6, 2017; that he traveled between Lacombe and Lafayette in May 2017; that he sought a referral to ACE Pain Management in Lafayette in July 2017; and that he reported he had moved to Lafayette in November 2017. W&T also submits records from the Louisiana Board of Pharmacy indicating that Thomas has seen doctors and obtained prescriptions in Lacombe, Hammond, Lafayette, and Slidell. For example, on March 15, 2017, he obtained a prescription from a doctor in Lacombe, on March 27, 2017, he obtained a prescription from a doctor in Lafayette, and on April 7, 2017, he obtained a prescription from a doctor in Lacombe. The first two of these prescriptions were filled in Lafayette, and the third was filled in Mandeville.

## Law and Analysis

Upon good cause shown by the moving party, the court may order a physical or mental examination of a party by a suitably licensed or certified examiner when the party's physical or mental condition is in controversy. Fed. R. Civ. Proc. 35(a)(1). While conclusory allegations in the pleadings are not sufficient to meet the "good cause" and "in controversy" requirements of Rule 35, the Supreme Court has recognized that in some cases, the pleadings alone will satisfy the Rule's requirements. Schlagenhauf v. Holder, 379 U.S. 104, 119 (1964). Thus, "[a] plaintiff in a negligence action who asserts mental or physical injury, places that mental or physical injury

clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury." Id. (citation omitted).

With regards to the location of the examination, it has been observed that courts typically require "the plaintiff to appear for examination at the place where the trial would be held—that is, at the venue selected initially by the plaintiff. This allows the examining physician to be available conveniently for testimony." Baird v. Quality Foods, Inc., 47 F.R.D. 212, 213 (E.D. La. 1969); see Ornelas v. S. Tire Mart, LLC, 292 F.R.D. 388, 399–400 (S.D. Tex. 2013) ("The general rule is that a plaintiff who brings suit in a particular forum may not avoid appearing for an examination in that forum."). Some courts have held that for an exception to be made to this general rule, "the burden is not on the defendant to demonstrate that a satisfactory examination cannot be had a nearer locale to the plaintiff, but rather on the plaintiff to show that traveling to the examination poses undue burden or hardship." Ornelas, 292 F.R.D. at 400 (quoting McDonald v. Southworth, No. 1:07-CV-217-JMS-DFH, 2008 WL 2705557, at *6 (S.D. Ind. July 10, 2008)).

The Southern District of Texas in Ornelos ordered the plaintiff to appear for an IME more than 100 miles from his home because the examination location was within the Southern District of Texas and plaintiff had not "provided . . . any rationale for why travel to such locale would pose an 'undue burden or hardship.'" Id. In Baird, the court required a plaintiff who resided in Oklahoma, but who had filed suit in the Eastern District of Louisiana, to appear for an IME in New Orleans. Id. The court noted that the plaintiff had not alleged that the trip would be injurious to his health or that there was "any other compelling reason for his reluctance." Id. The Western District of Louisiana in Gant v. Helix Energy Sols. Group ordered a plaintiff to appear for an IME with Dr. Cenac in Houma, although Houma is outside of the Western District of Louisiana. No. CIV.A. 07-0618, 2007 WL 2316526, at *2 (W.D. La. Aug. 9, 2007). The court found the travel would not

be burdensome, noting that the plaintiff's home was only about 45 miles from the appointment in Houma and that the plaintiff traveled approximately 60 miles to see his treating physician. Id.; cf. Rainey v. Wal-Mart Stores, Inc., (citing Baird, the court refused to compel a plaintiff to appear for an IME in New Orleans where his case had been filed in the Western District of Louisiana and the Plaintiff's home in Jena, Louisiana was about 270 miles away from the proposed appointment. 139 F.R.D. 94, 94–95 (W.D. La. 1991)).

Plaintiff here does not dispute that good cause exists for an IME with an orthopedist because he has put his physical condition at issue. Instead he disputes whether good cause exists for an IME with Dr. Cenac. He does not challenge Dr. Cenac's licensing or certification, but merely the distance of Dr. Cenac's office from Thomas's home. The location of Dr. Cenac's office is within the Eastern District of Louisiana. While the Court acknowledges that the distance of 85 miles might cause some inconvenience to Thomas, the Court finds it would not be unduly burdensome. Although Thomas suggests that he should not be required to travel due to this back injury, the evidence submitted by W&T indicates that Thomas is able to travel. Thomas has presented nothing to rebut this proposition. Thomas merely states "There has been no discussion as to whether the trip will aggravate the Plaintiff's back condition and whether such an aggravation will result in an altered examination findings (sic)." Thomas has had at least two opportunities to make this argument, if it is available to him. First, the motion was accompanied by a Rule 37 certificate which reflects that the matter was discussed; Thomas's counsel did not appear to raise the issue of whether travel presented a physical hardship to Thomas. Second, Thomas's opposition brief was another missed opportunity to present evidence and arguments regarding aggravation. While raising the point that it had never been discussed, plaintiff conspicuously failed to reference

that travel *would* aggravate plaintiff's back condition or whether such an aggravation *would* result in altered examination findings.

Given the lack of evidence indicating that 85 miles of travel would aggravate Thomas's back or influence his examination results, the evidence that plaintiff regularly travels similar or greater distances, and the fact that W&T has agreed to pay for Thomas's transportation, the Court finds that an appointment with Dr. Cenac in Houma is reasonable and that W&T has demonstrated good cause for this in-district IME.

<u>Conclusion</u>

For the foregoing reasons, the Motion to Compel Independent Medical Examination is GRANTED. Thomas shall appear or an independent medical examination with orthopedist Dr. Christopher Cenac, on February 6, 2018 at 8:00 a.m. at 210 New Orleans Blvd., Houma, LA 70364.

New Orleans, Louisiana, this 22nd day of January, 2018.

Janis van Meerveld
United States Magistrate Judge