UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TORREY THOMAS | CIVIL ACTION |
| VERSUS | CASE NO. 16-14694 |
| W&T OFFSHORE, INC. | SECTION: "G" (1) |

# ORDER

Pending before the Court is Defendant W&T Offshore, Inc.'s ("Defendant") "Motion for Summary Judgment."[1] In this litigation, Plaintiff Torrey Thomas ("Plaintiff") alleges that he tripped and fell on or about August 3, 2016, after his boot became caught in a drainage hole on the MATTERHORN SEASTAR, a tension leg platform owned by Defendant that is attached to the subsoil and seabed of the Outer Continental Shelf.[2] According to Plaintiff, he was employed as a galley hand on the MATTERHORN SEASTAR at the time of his accident.[3] As a result of the fall, Plaintiff alleges that he suffered injuries to his left knee and lumbar spine.[4] In the instant motion, Defendant alleges that it did not owe a duty to Plaintiff under Louisiana law because the drainage condition was "open and obvious" and recognized as a hazard by Plaintiff prior to his trip and fall.[5] Considering the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion for summary judgment.

---

[1] Rec. Doc. 52.

[2] Rec. Doc. 1 at 1–2.

[3] *Id.* at 2.

[4] *Id.* at 2.

[5] Rec. Doc. 52.

1

On September 14, 2016, Plaintiff filed a complaint in this Court.[6] On February 8, 2018, Defendant filed the instant motion.[7] On February 21, 2018, Plaintiff filed an opposition to Defendant's motion.[8] On February 26, 2018, Defendant filed a reply to Plaintiff's opposition.[9]

In its motion, Defendant first states that a property owner has no duty to warn of an open or obvious condition.[10] Defendant then states that the condition of the drain was obvious to all, considering photos show that it was completely visible.[11] Defendant also asserts that Plaintiff stated that he knew of the drain and that he would have seen it had he looked down.[12] As a result, Defendant argues that it is entitled to summary judgment because Defendant did not owe a duty to warn Plaintiff of the drain.[13]

In opposition, Plaintiff asserts that whether a defective condition is open and obvious is a genuine issue of material fact.[14] Moreover, according to Plaintiff, Defendant "is relying on an outdated interpretation of this issue by suggesting plaintiff's awareness of the risk is a total bar to recovery."[15] Plaintiff asserts that Defendant's interpretation "would destroy Louisiana's

---

[6] *Id.* at 1.

[7] Rec. Doc. 52.

[8] Rec. Doc. 57.

[9] Rec. Doc. 61.

[10] Rec. Doc. 52-1 at 6.

[11] *Id.*

[12] *Id.* at 12.

[13] *Id.* at 12–13.

[14] Rec. Doc. 57 at 7.

[15] *Id.* at 8.

comparative fault system . . . ."[16] Plaintiff also asserts that in *Broussard v. State ex rel. Office of State Buildings*, the Louisiana Supreme Court determined that whether a hazard constitutes an unreasonable risk of harm is whether a defendant breached a duty owed.[17] Plaintiff then avers that the issue of whether a defendant has breached a duty owed is a question of fact.[18]

In reply, Defendant asserts that Louisiana courts favor summary judgment as a procedural method on the issue of "open and obvious."[19] Moreover, according to Defendant, Plaintiff "misunderstands" *Broussard*, as the Louisiana Supreme Court clarified *Broussard* in *Allen v. Lockwood*.[20] Defendant states that "*Broussard* does not preclude summary judgment when no legal duty is owed because the condition encountered is obvious and apparent to all and not unreasonably dangerous."[21] Defendant also asserts that the individual plaintiff's awareness of the condition is relevant, as in *Rodriguez v. Dolgencorp, LLC*, the Louisiana Supreme Court noted that the plaintiff admitted that she saw the condition before her fall.[22] According to Defendant, the condition of the drain in the instant case was obvious to all and Plaintiff knew of the drain.[23]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment

---

[16] *Id.*

[17] *Id.* (citing *Broussard v. State ex rel. Office of State Bldgs.*, 2012–C–1238 (La. 4/5/13); 113 So. 3d 175, 185).

[18] *Id.* at 10.

[19] Rec. Doc. 61 at 1.

[20] *Id.* at 3. (citing 2-014-CC-1724 (La. 2/13/13); 113 So. 3d 175).

[21] *Id.* at 3–4.

[22] *Id.* at 5.

[23] *Id.* at 10.

as a matter of law."[24] When assessing whether a dispute as to any material fact exists, a court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[25] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[26] If the record, as a whole, could not lead a rational trier of fact to find for the non-moving party, then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[27]

In *Broussard v. State ex rel. Office of State Bldgs.*, the Louisiana Supreme Court stated that whether a dangerous condition is "open and obvious" is a question of fact.[28] In that case, a delivery driver sustained a back injury while pulling a loaded dolly into a misaligned elevator, which the defendant contended was an open and obvious hazard.[29] The Louisiana Supreme Court stated that a defendant does not have a duty to protect against an open and obvious hazard.[30] The court noted that in order to be considered open and obvious, the hazard "should be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it."[31] The court further stated that it previously determined that "facts and circumstances of a particular case" show whether a hazard is "open and

---

[24] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)*; Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[25] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[26] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[27] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[28] 113 So. 3d at 185.

[29] *Id.* at 178–79.

[30] *Id.* at 184.

[31] *Id.*

obvious to all who encounter it."[32] Acknowledging that there was overlap between the jury's role as fact-finder and the judge's role as lawgiver because of the connection between duty and breach, the court found that "the analytic framework for evaluating an unreasonable risk of harm is properly classified as a determination of whether a defendant breached a duty owed, rather than a determination of whether a duty is owed *ab initio*."[33] Thus, the court stated, "while a defendant only has a duty to protect against unreasonable risks that are not obvious or apparent, the fact-finder, employing a risk-utility balancing test, determines which risks are unreasonable and whether those risks pose an open and obvious hazard."[34] Reviewing the facts, the court held that there was a reasonable basis to support the trial jury's factual determination that the elevator's condition was not an open and obvious hazard.[35]

On the other hand, in *Allen v. Lockwood*, the Louisiana Supreme Court found that the district court erred in denying a defendant's motion for summary judgment.[36] In that case, the plaintiff sued a church after an elderly church member struck the plaintiff with her car, while the plaintiff was walking in the church's unpaved grassy parking area.[37] The court reasoned that the plaintiff "failed to produce *any* evidence . . . to demonstrate how the [parking area's] alleged defects caused the accident."[38] The court also stated that the plaintiff "could not even say what the

---

[32] *Id.*

[33] *Id.*

[34] *Id.* at 185.

[35] *Id.* at 194.

[36] *Allen*, 156 So.3d at 653.

[37] *Id.* at 651.

[38] *Id.* at 653 (emphasis in original).

church defendants did to cause the accident."[39] As a result, the court determined that there was "no genuine issue as to whether the parking area was unreasonably dangerous," and the church defendants were entitled to judgment as a matter of law.[40]

Here, similar to the misaligned elevator in *Broussard*, the question of whether the drain hole in the galley of the MATTERHORN SEASTAR was an open and obvious hazard is a genuine question of material fact. Plaintiff has alleged that he fell to the ground because of the drainage hole, which was implemented by Defendant, because the cap on the hole was improperly secured. Thus, unlike in *Allen*, where the plaintiff failed to point to any evidence to demonstrate how the parking area's alleged defects caused the incident, Plaintiff has provided evidence to support his assertion that the drain caused his injury. Specifically, Plaintiff provides the accident report from the incident, which states that "[t]he drain is recessed approximately ¼" below the tile . . . ."[41] The accident report also recommended corrective action to "[f]abricate a new 5" x ½" additional floor drain cover and install over original cover."[42]

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's motion for summary judgment is **DENIED.**

**NEW ORLEANS, LOUISIANA**, this 16th day of April, 2018.

                                      **NANNETTE JOLIVETTE BROWN**
                                      **UNITED STATES DISTRICT JUDGE**

---

[39] *Id.*

[40] *Id.*

[41] Rec. Doc. 57-2 at 1.

[42] *Id.*

6