UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORREY THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-14694** |
| **W&T OFFSHORE, INC.** | **SECTION: "G" (1)** |

## ORDER

Pending before the Court is Defendant W&T Offshore, Inc.'s ("Defendant") "Motion to Exclude David E. Cole."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

In this litigation, Plaintiff Torrey Thomas ("Plaintiff") alleges that he tripped and fell on or about August 3, 2016, after his boot became caught in a drainage hole on the MATTERHORN SEASTAR, a tension leg platform owned by Defendant that is attached to the subsoil and seabed of the Outer Continental Shelf.[2] According to Plaintiff, he was employed as a galley hand on the MATTERHORN SEASTAR at the time of his accident.[3] As a result of the fall, Plaintiff alleges that he suffered injuries to his left knee and lumbar spine.[4]

---

[1] Rec. Doc. 51.

[2] Rec. Doc. 1 at 1–2.

[3] *Id.* at 2.

[4] *Id.* at 2.

1

On September 14, 2016, Plaintiff filed a complaint in this Court against Defendant.[5] Defendant filed the instant motion on February 6, 2018.[6] Plaintiff filed the opposition to the instant motion on February 20, 2018.[7]

## II. Parties' Arguments

### A. *Defendant's Arguments in Support of the Motion to Exclude*

Defendant moves the Court to exclude the prospective testimony of Plaintiff's designated expert on maritime safety, David Cole ("Cole").[8] Defendant first argues that Cole's testimony should be excluded because he is not qualified to testify about safety regulations or standards for tension leg platforms.[9] Defendant asserts that Cole's experience concerns vessels, and he is not familiar with tension leg platforms.[10]

Moreover, Defendant argues that Cole's testimony should be excluded as irrelevant because he ignores the relevant deposition testimony.[11] Defendant asserts that Cole opines that the condition of the drain "would not have been known or recognizable to a typical galley hand."[12] However, according to Defendant, Plaintiff testified that he knew about the drain on the floor, had seen it many times, did not believe it to be a hazard, and had not observed it being a problem.[13]

---

[5] *Id.* at 1.

[6] Rec. Doc. 51.

[7] Rec. Doc. 55.

[8] Rec. Doc. 51.

[9] Rec. Doc. 51-1 at 8.

[10] *Id.*

[11] *Id.* at 9.

[12] *Id.*

[13] *Id.*

Defendant further argues that Cole's testimony will not assist the trier of fact in resolving a factual dispute, as Cole relied on written procedures, deposition testimony, injury/accident reports, and pleadings in forming his opinion.[14] Defendant asserts that considering that this is a case involving a slip and fall, expert testimony is unnecessary to determine liability and the finder of fact can review these materials and come to its own conclusions.[15] Defendant asserts that two other courts in this district have excluded Cole's testimony in similar cases, finding that expert testimony is unnecessary in trip and fall cases.[16] Defendant contends that even if scientific knowledge is necessary for understanding the evidence in the instant case, Cole's report does not provide any scientific, technical, or specialized language.[17]

Defendant then argues that Cole's report should be excluded because his opinion is not factually supported.[18] Specifically, Defendant asserts that "Cole offers no basis for his opinions that the condition was 'easily rectified,' or that the drain's condition existed for 'an extreme length of time,' or the condition 'should have been apparent and known to the vessel's owners' but 'would not have been known or recognizable to a typical galley hand.'"[19]

---

[14] *Id.*

[15] *Id.* at 10 (citing *Theodile v. Delmar Systems, Inc.*, No. 03-1844, 2006 WL 1751226, at *2 (W.D. La. June 21, 2006)).

[16] *Id.* (citing *Welch v. Noble Drilling (U.S.), Inc.*, No. 04-2689, 2005 WL 5950958, at *1 (E.D. La. Dec. 7, 2005) (Lemelle, J.); *McCord v. Fab-Con, Inc.*, 11-522, 2013 3490964, at *2 (E.D. La. July 10, 2013) (Barbier, J.)).

[17] *Id.* at 12.

[18] *Id.*

[19] *Id.*

Finally, Defendant argues that Cole's report should be excluded to the extent that it offers legal conclusions.[20] Defendant asserts that Cole's statement that the condition rendered the vessel not fit for its intended purpose is an inadmissible legal conclusion.[21]

### B. *Plaintiff's Arguments in Opposition to Defendant's Motion*

In opposition, Plaintiff first argues that Defendant's motion should be denied because Cole is qualified to testify as an expert in the instant case.[22] Plaintiff argues that the U.S. Coast Guard considers tension leg platforms to be vessels and the MATTERHORN SEASTAR has Certificates of Inspection and Compliance that are issued to U.S. flag vessels and foreign vessels, respectively.[23] Moreover, according to Plaintiff, Cole has spent the majority of his life investigating casualties, including examining inspected and uninspected oil field vessels and platforms for compliance with applicable regulations and statutes.[24] Furthermore, Plaintiff asserts that Cole has testified as an expert in approximately 583 depositions and 239 trials, including 35 times in this district.[25] Plaintiff contends that Cole is testifying regarding industry standards and safety practices that have referred to tension leg platforms as vessels for over twenty years, so his "use of the term 'vessel' to describe the Seastar is not evidence of a lack of qualifications."[26]

---

[20] *Id.* at 13.

[21] *Id.*

[22] Rec. Doc. 55 at 5.

[23] *Id.*

[24] *Id.* at 6. Plaintiff asserts that Cole's additional credentials include: a Bachelor of Science in Marine Transportation from State University of New York Maritime college, a Juris Doctor from Loyola University at New Orleans, completed graduate courses in Transportation Management, a maintained Third mate's license and unlimited Able Seaman's certificate, eighteen years within the marine safety specialty during his active duty as a commissioned officer with the United States Coast Guard. *Id.* at 5–6.

[25] *Id.*

[26] *Id.* at 6–7.

Next, Plaintiff argues that Cole's testimony should not be excluded because it is reliable and based on his knowledge and experience.[27] Plaintiff asserts that the decisions from other sections of this district to exclude Cole's testimony were based on an overly narrow interpretation of *Daubert*.[28] Plaintiff asserts that Cole's opinion that the drain was defective is supported by the fact that the drain and galley should have been inspected.[29] Additionally, Plaintiff contends that Cole's opinion as to what inspections should have been done to discover and correct dangerous or defective areas of the platform is based on his knowledge of the U.S. Coast Guard's safety program.[30] Plaintiff also avers that Cole's opinion that the defect would not have been recognizable to Plaintiff is supported by his knowledge and experience regarding the job description of a galley hand.[31] Although Plaintiff acknowledges that he was aware of the drain hole, he asserts that he was not aware that the drain hole was defective.[32]

Plaintiff also asserts that Cole's report is relevant because it will aid the finder of fact in resolving a factual dispute.[33] Plaintiff avers that "[t]his is not merely a simple case involving a trip and fall," but instead involves whether the parties knew or should have known of the defect and whether the cost of remedying the defect outweighed the benefits.[34] Plaintiff asserts that the finder of fact may have difficulty determining whether Defendant knew or should have known about the

---

[27] *Id.* at 7.

[28] *Id.*

[29] *Id.* at 8.

[30] *Id.* at 8–9.

[31] *Id.* at 9.

[32] *Id.*

[33] *Id.* at 10.

[34] *Id.*

5

defect based exclusively on Defendant's documents of the required inspections, but Cole's experience and knowledge may aid the fact finder with such a determination.[35] Moreover, Plaintiff contends that a fact finder may not know whether "replacement drain covers could have been regularly available or fabricated aboard the Seastar."[36]

Finally, Plaintiff asserts that Cole's opinions regarding ultimate issues of the case are admissible.[37] Plaintiff asserts that Cole does not opine that Defendant was negligent, and that therefore, his opinion is not a legal conclusion.[38] Instead, according to Plaintiff, Cole has drawn a reasonable inference regarding an ultimate issue of the case.[39] Moreover, Plaintiff contends that the advisory committee notes to Federal Rule of Evidence 704(a) state that the amended rule allows an expert to testify to an ultimate issue when helpful to the trier of fact.[40] Therefore, Plaintiff avers that Cole may use his experience and education to opine that "the Seastar was not fit for its intended use and purpose."[41]

### **III. Legal Standard**

The district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony.[42] Rule

---

[35] *Id.*

[36] *Id.*

[37] *Id.* at 11–12.

[38] *Id.* at 12.

[39] *Id.*

[40] *Id.*

[41] *Id.* at 13.

[42] *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

6

702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[43]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court to act as a "gatekeeper" to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."[44] The overarching goal "is to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[45] The court must also determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence—in other words, whether it is relevant.[46]

A court's role as a gatekeeper does not replace the traditional adversary system,[47] and "[a] review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."[48] As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination,

---

[43] FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[44] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (clarifying that the court's gatekeeping function applies to all forms of expert testimony).

[45] *Kumho Tire*, 526 U.S. at 152.

[46] *See Daubert*, 509 U.S. at 591; FED. R. EVID. 702.

[47] *See Daubert*, 509 U.S. at 596.

[48] Fed. R. Evid. 702 advisory committee's note to 2000 Amendments.

presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[49] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[50]

## **IV. Analysis**

Defendant presents four grounds for excluding Plaintiff's designated expert witness on maritime safety, David Cole: (1) Cole is not qualified to offer an opinion regarding the safety of tension leg platforms; (2) Cole's opinions are irrelevant because they ignore deposition testimony; (3) Cole's opinions do not aid the finder of fact because this is a simple case involving a trip and fall and Cole does not offer any basis for his opinions; and (4) Cole's opinions should be excluded because he offers legal conclusions.[51] Accordingly, the Court addresses each of these issues in turn.

### *A. Whether Cole is qualified to offer an opinion regarding the safety of tension leg platforms*

First, Defendant argues that Cole is not qualified to render an opinion on platform safety or design because his opinion concerns vessels, as opposed to tension leg platforms.[52] Plaintiff responds that the U.S. Coast Guard considers tension leg platforms to be vessels and Cole's work has included the examination of inspected and uninspected oil field platforms for compliance with applicable regulations and statutes.[53]

---

[49] *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[50] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

[51] Rec. Doc. 51-1.

[52] *Id.* at 8–9.

[53] Rec. Doc. 55 at 6.

Rule 702 of the Federal Rules of Evidence gives the Court considerable discretion over the admission of expert testimony.[54] "To qualify as an expert, 'the witness must have such knowledge or experience in [his] field or calling as to make it appear that his opinion or inference will probably aid the trier in his search for truth.'"[55]

Here, according to Cole's "Resume of Work Experience," Cole worked in the U.S. Coast Guard Marine Inspection Office, as well as the U.S. Coast Guard Marine Safety Office before his retirement from the U.S. Coast Guard in 1987.[56] During this time, Plaintiff asserts that Cole's work included examining oil field platforms for compliance with applicable regulation, and Plaintiff states that Cole has continued this work since his retirement in 1987.[57] Furthermore, United States Coast Guard regulations primarily apply to work performed on an offshore platform.[58] Considering that Coast Guard regulations primarily apply to work performed on an offshore platform and Cole has extensive experience applying those regulations to the inspections of various vessels and platforms, the Court finds that he is qualified in the relevant field.

### B. *Whether Cole's opinions should be excluded as irrelevant*

Defendant argues that Cole's opinions regarding the condition of the drain should be excluded as irrelevant because they contradict Plaintiff's testimony that he knew about the drain and that he did not believe that it was a hazard.[59] In opposition, Plaintiff asserts that Cole opines

---

[54] *See Suazo v. Atl. Sounding Co.*, No. 05-6043, 2009 WL 3254446, at *1 (E.D. La. Mar. 10, 2009) (Vance, J.).
[55] *United States v. Hicks*, 389 F.3d 514, 524 (5th Cir. 2004) (quoting *United States v. Bourgeois*, 950 F.2d 980, 987 (5th Cir. 1992)), *cert. denied*, 546 U.S. 1089 (2006).

[56] Rec. Doc. 51-1 at 5–6.

[57] Rec. Doc. 55 at 6.

[58] *See* 43 U.S.C. § 1333(d)(1); *see also Petri v. Kestrel Oil & Gas Props. L.P.*, 2012 WL 2153498, at *2 (S.D. Tex. Jan. 4, 2012) (citing *Marshall v. Nichols*, 486 F. Supp. 615, 621 (E.D. Tex. 1980), *rev'd on other grounds*, 646 F.2d 190 (5th Cir. 1981)).

[59] Rec. Doc. 51-1 at 9.

that Plaintiff would not have known that the drain hole was defective and a hazard, as opposed to stating that Plaintiff did not know of the drain hole as Defendant suggests.[60]

As stated above, the court must determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence—in other words, whether it is relevant.[61]

In a previous order in this case, the Court determined that the question of whether the drain hole was an open and obvious hazard was a genuine question of material fact that could not be decided on a motion for summary judgment.[62] The Court specifically cited the Louisiana Supreme Court's decision in *Broussard v. State ex rel. Office of State Buildings*, which held that in order for a dangerous condition to be considered "open and obvious," that condition "should be one that is open and obvious to all, *i.e.*, everyone who may potentially encounter it."[63]

In the expert report, Cole opines that the drain hole created a dangerous condition "which would not have been known or recognizable to a typical galley hand, but should have been known to the vessel's owners and experienced crew members."[64] This statement does not indicate that Cole ignored Plaintiff's statements in his deposition, as Cole is referring to the typical galley hand, rather than Plaintiff specifically. Considering that a typical galley hand is the type of person who encountered the drain hole, Cole's reasoning fits the facts of the case in terms of whether the drain hole was an open and obvious condition. Moreover, Plaintiff's statement that he was aware of the

---

[60] Rec. Doc. 55.

[61] *See Daubert*, 509 U.S. at 591; Fed. R. Evid. 702.

[62] Rec. Doc. 87 at 6.

[63] *Id.* (quoting 2012–C–1238 (La. 4/5/13); 113 So. 3d 175, 185).

[64] Rec. Doc. 51–2 at 3.

10

existence of the drain hole does not necessarily mean that the Plaintiff was aware that the drain hole was a hazardous condition

### C. *Whether Cole's opinions should be excluded because they will not aid the finder of fact*

Defendant argues that Cole's opinions will not aid the finder of fact because there is no basis for his opinions.[65] Defendant also argues that Cole's opinions should be excluded because they will not aid the finder of fact, as "[t]his is a simple case involving a trip and fall."[66] In response, Plaintiff argues that Cole's "opinions are reliable in that they are based on his knowledge and experience."[67] Moreover, Plaintiff asserts that this is not a simple trip and fall case, as there remains a questions of fact as to whether the alleged condition was an open and obvious condition and whether the cost of remedying the defect outweighed the benefits.[68] Plaintiff also contends that the U.S. Coast Guard inspection requirements and protocols are not common knowledge.[69]

As stated *supra*, for the expert testimony to be admissible, Rule 702 requires that the testimony be based on "sufficient facts or data" and proper application of "reliable principles and methods" to the facts of this case.[70] Moreover, the Fifth Circuit has held that expert testimony is unnecessary when the evidence presented by the expert is merely common knowledge, which the Fifth Circuit has likened to "the experiences of a layman."[71] As the advisory committee notes for Federal Rules of Evidence 702 state, courts should consider "the common sense inquiry [of]

---

[65] *Id.* at 12.

[66] Rec. Doc. 51-1 at 10.

[67] Rec. Doc. 55 at 9.

[68] *Id.* at 10.

[69] *Id.*

[70] *Suazo*, 2009 WL 3254446, at *1.

[71] *Woods v. U.S. Gov't*, 2011 WL 857007, at *2 (5th Cir. 2011) (citing *Hannah v. United States*, 523 F.3d 597, 601 (5th Cir. 2008)).

11

whether the untrained layman would be qualified to determine intelligently" the issues before the factfinder "without enlightenment from those having a specialized understanding of the subject."[72] Therefore, whether expert testimony will be helpful to the fact finder is to be determined based on the specific factual circumstances of each case.

In *In the Matter of M&M Wireline & Offshore Services LLC*, this Court evaluated whether a proposed marine safety expert's opinions were based on scientific, technical or specialized knowledge and whether the proposed expert's opinion could aid the factfinder in resolving the dispute.[73] In that case, the plaintiff alleged that he lost his balance and was injured during the transfer from one boat to another.[74] Basing his opinion on a review of fourteen documents and on his "extensive maritime and marine safety experience and knowledge," the plaintiff's proposed marine safety expert opined that the defendant had not properly followed industry standards for safe personnel transfers between vessels.[75] Considering that the proposed expert stated that he used "widely recognized and accepted accident investigation analysis principles and methods," this Court determined that the proposed expert's opinion was based on sufficient facts, data, and specialized knowledge.[76] Moreover, the Court found that the proposed expert's testimony could aid the factfinder in resolving the dispute.

Similar to the expert in *In the Matter of M&M Wireline & Offshore Services, LLC*, Cole is a proposed maritime safety expert, who based his report regarding an injury after a fall on extensive

---

[72] Fed. R. Evid. 702 advisory committee's notes to the 1972 proposed rules.

[73] No. 15-4999, 2017 WL 480603, at *5 (E.D. La. Feb. 3, 2017) (Brown, J.).

[74] *Id.* at *1.

[75] *Id.* at *5.

[76] *Id.*

12

maritime safety experience and knowledge as well as a review of eleven documents.[77] As a result, the Court finds that Cole has used sufficient facts in his report and has based his opinion on his specialized knowledge of marine safety regulations. Moreover, considering the questions of fact concerning whether the alleged condition was an open and obvious condition and whether the cost of remedying the defect outweighed the benefits, as well as the relevance of maritime safety regulations to the platform, the Court finds Cole's testimony sufficiently tied to the facts of this case such that it could aid the factfinder in resolving this dispute.[78]

The Court further notes that Defendant's objection that Cole's report is not based on any scientific, technical, or specialized knowledge and is precisely the sort that is best addressed though "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."[79] A court's role as a gatekeeper does not replace the traditional adversary system, and "[a]s a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[80] Considering that cross-examination would effectively serve Defendant's ultimate purposes, and because questions relating to the bases of an expert's opinion generally go to the weight of an opinion,[81] the Court finds there are sufficient grounds to establish the reliability of Cole's opinions.

---

[77] *Id.* at 2. Cole states, "My opinions are based on my training, education and experience in obtaining and holding a mate's license and unlimited Able Seaman's certificate, in service aboard vessels and in the inspection of vessels, and the investigation of thousands of marine casualties to determine cause." *Id.*

[78] *See Lee v. Cent. Gulf Towing, L.L.C.*, No. 04-1497, 2005 WL 6773727, at *2 (E.D. La. Aug. 1, 2005) (Duval, J.) (stating that whether proposed expert testimony will assist the factfinder is determined by whether the proffered testimony "is sufficiently tied to the facts of the case.").

[79] *Daubert*, 509 U.S. at 596 (citing *Rock*, 483 U.S. at 61).

[80] *See id.*

[81] *United States v. 14.38 Acres of Land, More or Less Situated in Lefolore Cty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

### D. *Whether Cole's opinions should be excluded because he offers legal conclusions*

Finally, Defendant argues that Cole's report should be excluded to the extent that it offers legal conclusions.[82] In opposition, Plaintiff asserts that Cole's opinion is not a legal conclusion because he does not opine that Defendant was negligent.[83] Plaintiff contends that expert testimony is not objectionable because it embraces an ultimate issue as opposed to making a legal conclusion, and Cole's report addresses an ultimate issue of whether the platform was fit for its intended use and purpose.[84]

Federal Rule of Evidence 704(a) states that "[a]n opinion is not objectionable just because it embraces an ultimate issue." "The rule was enacted to change the old view that the giving [of] an opinion on an ultimate issue would 'usurp the function' or 'invade the province' of the jury."[85] The rule, however, does not "open the door to all opinions."[86] "The Advisory Committee notes make it clear that questions which would merely allow the witness to tell the jury what result to reach are not permitted. Nor is the rule intended to allow a witness to give legal conclusions."[87] In *Owen v. Kerr-McGee Corp.*, the Fifth Circuit explained that "the task of separating impermissible questions which call for overbroad or legal responses from permissible questions is not a facile one," but one that requires courts to exclude questions or answers from experts that "would supply the jury with no information other than the expert's view of how its verdict should read."[88]

---

[82] Rec. Doc. 51-1 at 13.

[83] Rec. Doc. 55 at 12.

[84] *Id.* at 12–13.

[85] *Owen v. Kerr-McGee Corp.*, 698 F.2d 236, 240 (5th Cir. 1983).

[86] *Id.*

[87] *Id.*

[88] *Id.*

In *Richardson v. SEACOR Lifeboats, LLC*, another section of the Eastern District of Louisiana determined that an expert's opinion was not an impermissible conclusion of law when that expert opined that a crane operator failed to safely operate a crane.[89] The court determined that the expert could testify about the reasonable standard of care regarding crane operations and whether the defendant met that standard of care.[90] However, the court also stated that the expert could not testify as to his opinion regarding whether the defendant was negligent or the legal cause of the accident.[91]

Here, similar to the expert in *Richardson*, Cole's report opines on the applicable standard of care applicable to maritime safety and opines that Defendant did not meet that standard of care.[92] Moreover, Cole does not provide an opinion on the legal cause of Plaintiff's accident or on the ultimate issue of whether Defendant acted negligently.[93] As a result, the Court finds that Cole's opinions are not impermissible conclusions of law.

Accordingly,

---

[89] No. 14-1712, 2015 WL 2193907, at *3 (E.D. La. May 11, 2015) (Morgan, J.).

[90] *Id.*

[91] *Id.*

[92] *See id.*

[93] *See id.*

15

**IT IS HEREBY ORDERED** that Defendant W&T Offshore, Inc. "Motion to Exclude David E. Cole"[94] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this 27th day of August, 2018.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[94] Rec. Doc. 51.