# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TORREY THOMAS | CIVIL ACTION |
| VERSUS | CASE NO. 16-14694 |
| W&T OFFSHORE, INC. | SECTION: "G" (1) |

## ORDER

Pending before the Court is Plaintiff Torrey Thomas's ("Plaintiff") "Motion to Exclude Dr. David Fakier."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will deny the motion.

## I. Background

In this litigation, Plaintiff Torrey Thomas ("Plaintiff") alleges that he tripped and fell on or about August 3, 2016, after his boot became caught in a drainage hole on the MATTERHORN SEASTAR, a tension leg platform owned by Defendant W&T Offshore, Inc. ("Defendant") that is attached to the subsoil and seabed of the Outer Continental Shelf.[2] According to Plaintiff, he was employed as a galley hand on the MATTERHORN SEASTAR at the time of his accident.[3] As a result of the fall, Plaintiff alleges that he suffered injuries to his left knee and lumbar spine.[4]

On September 14, 2016, Plaintiff filed a complaint in this Court against Defendant.[5] On February 27, 2018, Plaintiff filed the instant motion.[6] On March 6, 2018, Defendant filed an

---

[1] Rec. Doc. 62.

[2] Rec. Doc. 1 at 1–2.

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.* at 1.

[6] Rec. Doc. 62.

1

opposition to Plaintiff's motion.⁷ On March 13, 2018, Plaintiff filed a reply to Defendant's opposition.⁸

## II. Parties' Arguments

### A. *Plaintiff's Arguments in Support of the Motion to Exclude*

Plaintiff moves the Court to exclude the prospective testimony of Defendant's designated medical expert Dr. David R. Fakier ("Dr. Fakier").⁹ Plaintiff asserts that Defendant hired Dr. Fakier as a radiology consultant to review Plaintiff's previously taken MRIs.¹⁰ Plaintiff argues that Dr. Fakier's report and opinions should be excluded because they are duplicative, exceed his expertise, are unreliable, and are unhelpful to the trier of fact.¹¹

Plaintiff first asserts that Dr. Fakier's report is duplicative of Defendant's first medical consultant and expert, Dr. Christopher E. Cenac, Sr.¹² According to Plaintiff, Dr. Cenac also reviewed Plaintiff's two MRIs, consulted with Dr. Fakier, and came to the same conclusion as Dr. Fakier.¹³ Moreover, Plaintiff asserts that both of Plaintiff's previously taken MRIs were initially rendered and read by competent radiologists.¹⁴ As a result, Plaintiff avers that Dr. Fakier's

---

⁷ Rec. Doc. 71.

⁸ Rec. Doc. 78.

⁹ Rec. Doc. 62.

¹⁰ Rec. Doc. 62-1 at 1–2.

¹¹ *Id.* at 2.

¹² *Id.* at 5.

¹³ *Id.*

¹⁴ *Id.*

2

testimony would be repetitive and potentially provide Defendant a "tactical advantage" of a "rerun of testimony already provided by another expert."[15]

Plaintiff also asserts that Dr. Fakier's opinion is unreliable, because "his opinion is based merely on a record review as he has not even examined [Plaintiff]."[16] Plaintiff then contends that Dr. Fakier's opinion is unhelpful to the fact finder, as the fact finder can make the same direct comparison between the MRIs in question.[17]

### B. *Defendant's Arguments in Opposition to Plaintiff's Motion*

Defendant first asserts that considering the sophisticated technology of MRIs, the interpretation of MRIs "is the province of medical doctors," as opposed to laymen.[18] As a result, Defendant states that Dr. Fakier's testimony will assist the jury in understanding the evidence and determining a fact issue of "whether Plaintiff's back condition pre-existed the incident complained of in this litigation."[19] Moreover, Defendant contends that Dr. Fakier is qualified to interpret MRIs, as radiologists "are medical doctors who specialize in diagnosing and treating diseases of the human body using x-rays and other diagnostic tests including MRIs."[20]

Defendant then asserts that Dr. Fakier's opinions are not cumulative of Dr. Cenac's opinions because the two doctors have different specialties.[21] Defendant states that "it is common

---

[15] *Id.* at 6 (citing *Bowman v. Gen. Motors Corp.*, 427 F. Supp. 234, 239 (E.D. Pa. 1977)).

[16] *Id.* at 4.

[17] *Id.*

[18] Rec. Doc. 71 at 2.

[19] *Id.* at 3.

[20] *Id.*

[21] *Id.* at 4 (citing *Sanchez v. Swift Transp. Co. of Ariz., LLC*, No. 4:1515-LG, 2017 WL 5643554, at *3 (W.D. Tex. July, 19, 2017)).

3

to have both a radiologist and an orthopedist/orthopedic surgeon render expert opinions in the same case for the same party."[22] Moreover, Defendant asserts that the Fifth Circuit does not mandate that the testimony of two experts cannot overlap.[23]

### C. *Plaintiff's Reply to Defendant's Opposition*

In reply, Plaintiff asserts that he does not dispute that a doctor's testimony regarding MRIs will assist the fact finder of the case.[24] Plaintiff avers that Dr. Fakier's testimony is unnecessary because Defendant already has Dr. Cenac to testify regarding the MRIs.[25] According to Plaintiff, neither Dr. Cenac nor Dr. Fakier met with Plaintiff personally, but instead they only reviewed the MRI reports.[26] Moreover, Plaintiff states that Dr. Cenac conferred and agreed with Dr. Fakier in making his report based on a review of objective MRIs, so the opinions of the two doctors are cumulative testimony.[27]

### III. Legal Standard

Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly

---

[22] *Id.* (citing *Rice v. Cornerstone Hosp. of W. Monroe*, No. 13-0362, 2016 WL 552599, at *3 (W.D. La. Feb. 10, 2016) (James, J.); *Booth v. Melville*, No. 14-7022, 2015 WL 7730931, at *8 (S.D.N.Y. Nov. 25, 2015) (McMahon, J.); *Hebert v. Boyer*, No. 10-1530, 2011 WL 2471342, at *5 (E.D. La. April, 21, 2011) (Moore, M.J.); *Angelucci v. GEICO Ins. Co.*, 2009 WL 10670385, at *1 (M.D. Fla. July 14, 2009) (Richardson, J.)).

[23] *Id.* at 4 – 5 (citing *Leefe v. Air Logistics, Inc.*, 876 F.2d 409, 411 (5th Cir. 1989)).

[24] Rec. Doc. 78 at 1.

[25] *Id.*

[26] *Id.* at 2.

[27] *Id.*

presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[28]

Moreover, the district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony.[29] Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[30]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court to act as a "gatekeeper" to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."[31] The overarching goal "is to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field."[32] The court must also determine whether the expert's reasoning or methodology

---

[28] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[29] *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

[30] FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[31] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (clarifying that the court's gatekeeping function applies to all forms of expert testimony).

[32] *Kumho Tire*, 526 U.S. at 152.

"fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence—in other words, whether it is relevant.[33]

A court's role as a gatekeeper does not replace the traditional adversary system,[34] and "[a] review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."[35] As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[36] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[37]

## **IV. Analysis**

Plaintiff argues that Dr. Fakier should be excluded from testifying at trial because his report and opinions are cumulative of Dr. Cenac's report and opinions.[38] Defendant argues that Dr. Fakier's opinions are not unnecessarily cumulative, as Dr. Cenac and Dr. Fakier specialize in two different fields.[39]

It is within the power of the district court to exclude testimony that is repetitious and cumulative of testimony already before the court.[40] In *Leefe v. Air Logistics, Inc.*, the Fifth Circuit

---

[33] *See Daubert*, 509 U.S. at 591; FED. R. EVID. 702.

[34] *See Daubert*, 509 U.S. at 596.

[35] Fed. R. Evid. 702 advisory committee's note to 2000 Amendments.

[36] *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[37] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

[38] Rec. Doc. 62-1 at 4.

[39] Rec. Doc. 71 at 4

[40] *Harvey v. Andrist*, 754 F.2d 569, 572 (5th Cir. 1985), *cert. denied*, 471 U.S. 1126 (1985); Fed. R. Evid. 403.

deferred to the district judge's decision to, at trial, exclude testimony by a second expert doctor as cumulative.[41] Moreover, as stated above, the Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[42]

Here, Plaintiff does not attach Dr. Fakier's report to the instant motion for the Court to compare the opinions of the two doctors. As a result, it is not clear whether their separate specialties led the doctors to approaching their analyses of Plaintiff's medical conditions from different vantage points.[43] Considering that the exclusion of evidence under Rule 403 should occur only sparingly, the Court will allow Defendant to call both experts. However, testimony at trial may be limited to the extent that it is cumulative and causes undue delay.

In the motion, Plaintiff also argues that Dr. Fakier's opinions should be excluded because he has not examined Plaintiff and a fact finder is capable of comparing the two MRIs.[44] In opposition, Defendant asserts that the interpretation of MRIs "is the province of medical doctors."[45] Defendant further asserts radiologists specialize in diagnosing injuries and illnesses using MRIs, and Dr. Fakier is a board certified radiologist with 28 years of direct experience in radiology.[46] In his reply, Plaintiff states that he "does not disagree" that a medical doctor with experience in evaluating MRIs can assist the fact finder.[47] Instead, Plaintiff only asserts that

---

[41] 876 F.2d 409, 411 (5th Cir. 1989).

[42] *Pace*, 10 F.3d at 1115.

[43] *See Sanchez*, 2017 WL 5643554 at *3.

[44] Rec. Doc. 62-1 at 4.

[45] Rec. Doc. 71 at 2.

[46] Rec. Doc. 71 at 3.

[47] Rec. Doc. 78 at 1.

Defendant already has such an expert in Dr. Cenac.[48] Thus, Plaintiff does not dispute that Dr. Fakier is qualified to interpret Plaintiff's MRIs and that such an opinion is relevant to the instant case.

Moreover, even if Plaintiff had continued to assert that Dr. Fakier's opinions should be excluded because he has not personally examined Plaintiff, this is an issue that is best left for cross examination. "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[49] Considering that cross-examination would effectively serve Plaintiff's ultimate purposes, and because questions relating to the bases of an expert's opinion generally go to the weight of an opinion,[50] the Court finds there are sufficient grounds to establish the reliability of Dr. Fakier's opinions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Torrey Thomas's "Motion to Exclude Dr. David Fakier"[51] is **DENIED**.

**NEW ORLEANS, LOUISIANA**, this __27th__ day of August, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[48] *Id.*

[49] *See Daubert*, 509 U.S. at 596 (citing *Rock*, 483 U.S. at 61).

[50] *United States v. 14.38 Acres of Land, More or Less Situated in Lefolore Cty., Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

[51] Rec. Doc. 62.