# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TORREY THOMAS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-14694** |
| **W&T OFFSHORE, INC.** | **SECTION: "G" (1)** |

## ORDER

Pending before the Court is Plaintiff Torrey Thomas's ("Plaintiff") "Motion to Exclude Dr. Christopher Cenac, Sr."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny the motion in part.

## I. Background

In this litigation, Plaintiff Torrey Thomas ("Plaintiff") alleges that he tripped and fell on or about August 3, 2016, after his boot became caught in a drainage hole on the MATTERHORN SEASTAR, a tension leg platform owned by Defendant W&T Offshore, Inc. ("Defendant") that is attached to the subsoil and seabed of the Outer Continental Shelf.[2] According to Plaintiff, he was employed as a galley hand on the MATTERHORN SEASTAR at the time of his accident.[3] As a result of the fall, Plaintiff alleges that he suffered injuries to his left knee and lumbar spine.[4]

---

[1] Rec. Doc. 63.

[2] Rec. Doc. 1 at 1–2.

[3] *Id.* at 2.

[4] *Id.*

On September 14, 2016, Plaintiff filed a complaint in this Court against Defendant.[5] On February 27, 2018, Plaintiff filed the instant motion.[6] On March 2, 2018, Plaintiff filed a supplemental memorandum in support of the motion.[7] On March 6, 2018, Defendant filed an opposition to Plaintiff's motion.[8] On March 13, 2018, Plaintiff filed a reply to Defendant's opposition.[9]

## **II. Parties' Arguments**

### A. *Plaintiff's Arguments in Support of the Motion to Exclude*

Plaintiff moves the Court to exclude the prospective testimony of Defendant's designated orthopedic expert Dr. Christopher Cenac, Sr. ("Dr. Cenac").[10] Plaintiff argues that Dr. Cenac's opinions should be excluded because they are "laden with conclusions unrelated to any evidence as well as prejudicial factual allegations outside the scope of his expertise."[11] Therefore, "Plaintiff seeks to exclude or limit the testimony, reports and opinions of Dr. Cenac to the extent that they exceed his expertise, are not founded or supported by evidence, or are more prejudicial than probative."[12]

Specifically, Plaintiff argues that Dr. Cenac's opinions that Plaintiff "has not been truthful with multiple health care professionals" and "has exhibited drug seeking behavior" are

---

[5] *Id.* at 1.

[6] Rec. Doc. 62.

[7] Rec. Doc. 69.

[8] Rec. Doc. 70.

[9] Rec. Doc. 76.

[10] Rec. Doc. 63.

[11] Rec. Doc. 63-1 at 3.

[12] *Id.* at 4.

2

unsubstantiated opinions that exceed Dr. Cenac's expertise and for which Dr. Cenac does not cite a source.[13] According to Plaintiff, Dr. Cenac's report makes improper references to Plaintiff's personal life, which should also be excluded.[14]

Plaintiff argues that although Dr. Cenac is an orthopedic surgeon, he does not have the expertise to render opinions regarding chemical and substance abuse, truthfulness of witnesses, or drug seeking behavior.[15] Plaintiff also argues that these opinions are "not grounded in scientific method."[16] Plaintiff asserts that none of the observations Dr. Cenac relied upon to render his opinions "are used by or useful to an [orthopedic surgeon] in providing an opinion on [Plaintiff's] medical condition and should be excluded."[17]

Moreover, Plaintiff avers that Dr. Cenac's opinions should be excluded "because the probative value of such testimony is outweighed by a particularly high risk of unfair prejudice."[18] Plaintiff asserts that Dr. Cenac's opinions carry such a particularly high risk of unfair prejudice because he is a medical doctor.[19] Plaintiff further contends that any potential opinion by Dr. Cenac regarding causation of Plaintiff's injuries should be excluded because Dr. Cenac does not report any tests, alternative hypotheses, or data that he considered and used to determine his causation opinion.[20]

---

[13] *Id.* at 4.

[14] *Id.* at 5–6.

[15] *Id.* at 7–8.

[16] *Id.* at 9.

[17] *Id.* at 10.

[18] *Id.* at 9.

[19] *Id.* at 10.

[20] *Id.* at 10–11.

In a supplemental memorandum, Plaintiff asserts that Defendant served on Plaintiff a fourth report by Dr. Cenac that is dated February 21, 2018.[21] Plaintiff asserts that the deadline for disclosure of such a report was February 12, 2018.[22] Moreover, Plaintiff asserts that the fourth report should be excluded for the same reasons discussed above because the fourth report does not add anything to support Dr. Cenac's conclusions.[23]

### B. *Defendant's Arguments in Opposition to Plaintiff's Motion*

In opposition, Defendant argues that Dr. Cenac is qualified to opine on Plaintiff's alleged drug use, his alleged drug seeking behavior, and his alleged untruthfulness.[24] Defendant asserts that Plaintiff has not pointed to any evidence in the record or legal authority to support the assertion that Dr. Cenac is not qualified to provide an opinion as to Plaintiff's drug use or drug seeking behavior.[25] Defendant similarly asserts that Plaintiff has not pointed to any evidence or legal authority to show that Dr. Cenac is not qualified to provide an opinion about his observations of Plaintiff, including Plaintiff's truthfulness with regard to his medical history.[26]

Defendant also contends that the fact that Dr. Cenac included Plaintiff's social and personal history is not grounds for exclusion, as asking for such information is a regular part of an overall

---

[21] Rec. Doc. 69 at 1.

[22] *Id.* at 1–2.

[23] *Id.*

[24] Rec. Doc. 70 at 2.

[25] *Id.* at 2–3.

[26] *Id.* at 3.

4

examination of a patient.[27] Defendant avers that "Dr. Cenac should be allowed to explain how the independent medical exam was performed and the path he took in forming his opinions."[28]

Defendant argues that a primary function of a medical doctor "is to compare the patient's subjective complaints with the available objective evidence to make a determination of whether or not the patient has sustained an injury, causation of that injury, and appropriate medical treatment, if any."[29] According to Defendant, if the objective evidence does not support the subjective complaints, a doctor must determine whether a patient is truthfully reporting his symptoms.[30] Defendant further asserts that Dr. Cenac's opinion is supported by the fact that Plaintiff denied a prior history of back pain, despite receiving treatment for back pain numerous times since 2007.[31] Thus, Defendant argues that "Dr. Cenac's opinion is based on objective evidence and is within his expertise as a medical doctor."[32]

Defendant also avers that the objective evidence reviewed by Dr. Cenac provides an "ample foundation" for Dr. Cenac's opinion that Plaintiff has a history of substance abuse and drug seeking behavior.[33] Defendant asserts that Dr. Cenac relied on Plaintiff's medical records and a Louisiana Board of Pharmacy report in forming this opinion.[34] According to Defendant, the Louisiana Board of Pharmacy report stated that Plaintiff received narcotic prescriptions from

---

[27] *Id.*

[28] *Id.*

[29] *Id.* at 3–4.

[30] *Id.* at 4.

[31] *Id.* at 4–5.

[32] *Id.* at 6.

[33] *Id.*

[34] *Id.* at 7.

multiple doctors within the same time frame on several occasions.[35] Moreover, Defendant states that the records of Plaintiff's treating physician, Dr. Donald Dietze, indicate that he "chastised" Plaintiff about obtaining pain medication from another doctor and received multiple requests from Plaintiff for an early refill of his prescription.[36] Defendant asserts that the Louisiana Board of Pharmacy report and Dr. Detze's notes are objective evidence that Dr. Cenac reviewed before forming the opinion that Plaintiff exhibited drug seeking behavior.[37]

Defendant further argues that opinions regarding Plaintiff's potential drug abuse, drug seeking behavior, and untruthfulness are relevant to Plaintiff's motive for bringing a lawsuit.[38] Defendant notes that the fact finder is tasked with deciding whether Plaintiff is truthful as to the causation, nature, and extent of the injury. Therefore, Defendant asserts that any possible prejudice to Plaintiff is outweighed by the probative value of Dr. Cenac's opinions.[39]

### C. *Plaintiff's Reply to Defendant's Opposition*

In the reply brief, Plaintiff first asserts that Defendant does not respond to Plaintiff's arguments that the February 12, 2018 report was untimely.[40] As a result, Plaintiff argues that the Court should exclude that report and all testimony related to it.[41] Plaintiff also contends that Defendant does not oppose Plaintiff's assertion that Dr. Cenac's report improperly includes

---

[35] *Id.*

[36] *Id.* at 8–9.

[37] *Id.* at 9.

[38] *Id.* at 9–10.

[39] *Id.* at 10.

[40] Rec. Doc. 76 at 1.

[41] *Id.*

6

information concerning Plaintiff's personal life.[42] Therefore, Plaintiff argues that this information should be excluded as well.[43]

Plaintiff further asserts that Defendant does not provide any authority to support the assertion that a medical doctor is qualified to opine on credibility and truthfulness.[44] Plaintiff contends that allowing Dr. Cenac to opine on Plaintiff's credibility and truthfulness would compromise the jury's duty to review all evidence and testimony independently and come to its own determinations regarding the credibility of witnesses.[45] As a result, Plaintiff avers that such testimony should be excluded because it is more prejudicial than probative.[46]

Plaintiff states that "it is preposterous to assert that any doctor is an expert on drug seeking behaviors and the motivation of a patient."[47] Plaintiff also contends that Dr. Cenac's opinion lacks the proper foundation because he did not question Plaintiff about receiving prescriptions from the doctors on the pharmacological report.[48] Last, Plaintiff states that Defendant may question Plaintiff at trial about his prescriptions and the pharmacological board records.[49]

### III. Legal Standard

Pursuant to Federal Rule of Evidence 403, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

---

[42] *Id.*

[43] *Id.*

[44] *Id.*

[45] *Id.* at 2.

[46] *Id.*

[47] *Id.*

[48] *Id.* at 3.

[49] *Id.*

7

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Fifth Circuit instructs that "[t]he exclusion of evidence under Rule 403 should occur only sparingly[.]"[50] "A trial court's ruling on admissibility under Rule 403's balancing test will not be overturned on appeal absent a clear abuse of discretion."[51]

Moreover, the district court has considerable discretion to admit or exclude expert testimony under Federal Rule of Evidence 702, which governs the admissibility of expert witness testimony.[52] Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.[53]

In *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, the Supreme Court held that Rule 702 requires the district court act as a "gatekeeper" to ensure that "any and all scientific testimony or evidence admitted is not only relevant, but reliable."[54] The overarching goal "is to make certain that an expert, whether basing testimony on professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in

---

[50] *United States v. Pace*, 10 F.3d 1106, 1115 (5th Cir. 1993), *cert. denied*, 511 U.S. 1149 (1994).

[51] *Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1153 (5th Cir. 1981).

[52] *See Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 138–39 (1997); *Seatrax, Inc. v. Sonbeck Int'l, Inc.*, 200 F.3d 358, 371 (5th Cir. 2000).

[53] FED. R. EVID. 702; *see also Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

[54] *Daubert*, 509 U.S. at 589; *see also Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (clarifying that the court's gatekeeping function applies to all forms of expert testimony).

8

the relevant field."[55] The court must also determine whether the expert's reasoning or methodology "fits" the facts of the case and whether it will thereby assist the trier of fact to understand the evidence—in other words, whether it is relevant.[56]

A court's role as a gatekeeper does not replace the traditional adversarial system,[57] and "[a] review of the caselaw after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule."[58] As the Supreme Court noted in *Daubert*, "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."[59] "As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility."[60]

## IV. Analysis

Plaintiff argues that the Court should exclude Dr. Cenac from testifying at trial because his report and opinions are unfairly prejudicial, exceed the scope of his medical expertise, and lack a scientific basis.[61] Plaintiff also argues that Dr. Cenac's fourth report should be excluded because it was disclosed after the deadline.[62] In opposition, Defendant argues that Dr. Cenac's opinions

---

[55] *Kumho Tire*, 526 U.S. at 152.

[56] *See Daubert*, 509 U.S. at 591; FED. R. EVID. 702.

[57] *See Daubert*, 509 U.S. at 596.

[58] Fed. R. Evid. 702 advisory committee's note to 2000 Amendments.

[59] *Daubert*, 509 U.S. at 596 (citing *Rock v. Arkansas*, 483 U.S. 44, 61 (1987)).

[60] *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

[61] Rec. Doc. 63-1 at 3.

[62] Rec. Doc. 69.

regarding Plaintiff's alleged drug abuse, drug seeking behavior, and untruthfulness are highly probative to Plaintiff's motivation for bringing this suit.[63] Moreover, Defendant argues that Dr. Cenac is qualified to opine on these issues because as a medical doctor he regularly has to determine whether a patient's subjective complaints are supported by objective evidence.[64] Last, Defendant argues that Dr. Cenac bases his report and opinions on objective evidence of Plaintiff's medical records and the Louisiana Board of Pharmacy report.[65]

As stated above, "the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."[66] Defendant seeks to introduce testimony by Dr. Cenac that Plaintiff has abused drugs, exhibited drug seeking behavior, and has not been truthful to other doctors. Defendant asserts that this testimony is relevant to Plaintiff's motivation for bringing the instant lawsuit. However, considering the importance often given to expert testimony, the Court finds that the limited probative value of this testimony is substantially outweighed by the danger of unfair prejudice. Furthermore, Plaintiff does not dispute that Defendant may question Plaintiff directly about his pharmacological records and past prescription history. The jury, as the fact-finder, will then be tasked with drawing any inferences it may wish from this evidence. As a result, Dr. Cenac's opinions regarding Plaintiff's alleged abuse of drugs, drug seeking behavior, and untruthfulness

---

[63] Rec. Doc. 70 at 10.

[64] *Id.* at 4.

[65] *Id.* at 7.

[66] Fed. R. Evid. 403.

are excluded pursuant to Federal Rule of Evidence 403, and it is unnecessary to determine whether Dr. Cenac is qualified to render such opinions.

Next, Plaintiff contends that Dr. Cenac makes improper references to Plaintiff's personal life, which should also be excluded.[67] Defendant argues that Dr. Cenac's inclusion of Plaintiff's social and personal history is not grounds for exclusion, as asking for such information is a regular part of an overall examination of a patient.[68] Doctors routinely ask patients questions regarding their background and personal history when conducting an examination. Plaintiff cites no authority to support the assertion that such testimony should be excluded. Accordingly, the Court will not exclude Dr. Cenac's testimony on this basis.

Plaintiff further contends that any potential testimony by Dr. Cenac regarding causation of Plaintiff's injury should be excluded because Dr. Cenac does not report any tests, alternative hypotheses, or data that he considered and used to determine his opinion.[69] Defendant states that Dr. Cenac relied on Plaintiff's medical records and Louisiana Board of Pharmacy report in his independent medical examination of Plaintiff to determine whether Plaintiff's back condition pre-existed his employment.[70]

Dr. Cenac opined that "there is no evidence to substantiate that this patient sustained a structural injury to his lumbar spine or left knee in the incident of 8/3/2016."[71] Plaintiff does not contest Dr. Cenac's qualifications as an orthopedic surgeon, nor does Plaintiff contest that an

---

[67] Rec. Doc. 63-1 at 5–6.

[68] Rec. Doc. 70 at 3.

[69] Rec. Doc. 63-1 at 10–11.

[70] Rec. Doc. 70 at 1, 7.

[71] Rec. Doc. 63-5 at 5.

orthopedic surgeon can provide expert testimony to assist the jury in determining a fact in issue in this case. Although Plaintiff asserts that Dr. Cenac's reports do not properly "reflect the normal progression of scientific analysis," Defendant states that "Dr. Cenac's opinion is based on objective evidence and is within his expertise as a medical doctor."[72] In his reports, Dr. Cenac provides an extensive listing of the medical records and imaging studies that he reviewed, along with the facts from those records and studies that he specifically considered in rendering his opinion.[73] Therefore, because Dr. Cenac reports the tests and data that he considered in reaching his causation opinion, the Court finds there are sufficient grounds to establish the reliability of Dr. Cenac's causation opinion. The Court further notes that any objection as to the basis of Dr. Cenac's opinion is best addressed though "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof."[74]

Last, in a supplemental memorandum, Plaintiff argues that Dr. Cenac's fourth report ought to be excluded because it was untimely.[75] Plaintiff asserts that Dr. Cenac's fourth report is dated as February 21, 2018, and the deadline for disclosure of expert reports was February 12, 2018.[76] Defendant does not respond to this argument.

Federal Rule of Civil Procedure 26(a)(2)(B)(i) states that the disclosure of expert testimony by each party must be accompanied by a written report that contains "a complete statement of all opinions the witness will express and the basis and reasons for them." Further, Rule 26(a)(2)(D)

---

[72] Rec. Doc. 70 at 6.

[73] *See, e.g.,* Rec. Doc. 63-5.

[74] *Daubert*, 509 U.S. at 596 (citing *Rock*, 483 U.S. at 61).

[75] Rec. Doc. 69 at 1.

[76] *Id.*

states that "a party must make these disclosures at the times and in the sequence that the court orders." The purpose of Rule 26 is to prevent "prejudice and surprise."[77] Pursuant to the Court's Scheduling Order, the deadline for Defendant to disclose its expert reports was February 12, 2018.[78]

Rule 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." The Fifth Circuit has identified four factors that a court should consider in determining whether a violation of Rule 26 is harmless or substantially justified: (1) the importance of the evidence; (2) the prejudice to the opposing party if the evidence is included; (3) the possibility of curing such prejudice by granting a continuance; and (4) the party's explanation for its failure to disclose.[79]

In *Texas A&M Research Found v. Magna Transportation Inc.*, the Fifth Circuit found that a district court did not abuse its discretion by admitting a document at trial that the plaintiff failed to disclose in accordance with Rule 26.[80] Although the plaintiff did not explain the failure to disclose, the Fifth Circuit found that "the prejudice to the adverse parties was negligible, because the witness in support of whose testimony the invoices were offered had been designated properly as a witness before trial."[81] Further, the Fifth Circuit stated that any prejudice was cured by the

---

[77] *Reed v. Iowa Marine & Repair Corp.*, 16 F.3d 82, 85 (5th Cir. 1994).

[78] Rec. Doc. 26 at 3.

[79] *Tex. A&M Research Found v. Magna Transp. Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

[80] *Id.*

[81] *Id.*

approximately one month during which the defendant was allowed to examine and respond to the contested evidence.[82]

Here, Defendant does not respond to Plaintiff's argument that Dr. Cenac's fourth report should be excluded because it was not timely disclosed or provide an explanation for the failure to timely disclose the report. However, the trial in this matter has been continued. Furthermore, Plaintiff was on notice that Dr. Cenac would testify at trial, and the fourth report simply updated the prior timely reports, following the submission of new medical records. Therefore, the Court concludes that Defendant's failure to disclose the fourth report was harmless. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Torrey Thomas's "Motion to Exclude Dr. Christopher Cenac, Sr."[83] is **GRANTED IN PART** to the extent that Plaintiff seeks to exclude Dr. Cenac's opinions regarding Plaintiff's alleged drug use, drug seeking behavior, and untruthfulness and **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA**, this 18th day of September, 2018.

                                                **NANNETTE JOLIVETTE BROWN**
                                                **CHIEF JUDGE**
                                                **UNITED STATES DISTRICT COURT**

---

[82] *Id.*

[83] Rec. Doc. 63.